In the United States District Court
Western District of Arkansas
Hot Springs Division

Tracy Parker                                                                 Plaintiff

v.                         Case No. 6:19-cv-6120-SOH

Mid-South Adjustment Co., Inc.                                               Defendant

# Complaint

1. Defendant Mid-South Adjustment Co., Inc. (Mid-South), attempted to collect from Tracy Parker a balance of an allegedly defaulted apartment lease that included a 40% collection fee not authorized by the apartment lease, any other contract, or any law.

2. Mid-South also disclosed Parker's debt to his sister.

3. Mid-South's attempts to collect an amount that included the 40% collection fee violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501, et seq.

## Jurisdiction

4. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

5. This action arises out of Mid-South's violations of the FDCPA and the AFDCPA, in its illegal efforts to collect a consumer debt from Parker.

6. Venue is proper in this District because the acts and transactions occurred here and Mid-South transacts business here.

7. Mid-South has transacted business within Arkansas by attempting to collect this debt from Parker using the U.S. Mail, telephones, and the courts, while he was within and permanently residing in Arkansas.

## Parties

### *Plaintiff Tracy Parker*

8. Parker is a citizen of Arkansas.

9. Parker is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### *Defendant Mid-South Adjustment Co., Inc.*

10. Mid-South is a domestic for profit corporation organized under Arkansas law operating from 200 E. 11th Avenue, Suite K, Pine Bluff, AR 72019.

11. Mid-South is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

12. The term "debt collector" has two prongs:
    a. any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts; or
    b. any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Mid-South uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

14. Mid-South regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another.

15. Mid-South collects debts through letters, telephone calls and filing lawsuits in its own name.

16. Mid-South provides collection services to its clients on a contingency fee basis.

17. Mid-South is a licensed collection agency with the Arkansas State Board of Collection Agencies.

18. Mid-South is a member of ACA International.

**Factual Allegations**

19. Within one year immediately preceding filing this pleading, Mid-South attempted to collect from Parker a financial obligation for personal, family or household purposes, that is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a balance on an allegedly defaulted apartment lease.

20. On August 19, 2015, Parker signed a Lease Agreement with JNL Properties LLC (JNL Properties) to lease an apartment in Hot Springs, Arkansas.[1]

21. The term of the lease was for six months beginning on August 22, 2015 and ending on February 28, 2016, for $575 per month, with a $300 security deposit.

22. The lease provided that if Parker stayed past February 28, 2016, the lease became month to month rental at a sum determined by JNL Properties.

23. The lease contained a single clause regarding collection fees:

---

[1] *See* attached Exhibit 1.

  11) LEASE PAYMENTS still due; Any charges for collection agency needed to collect past due fees.[2]

 22. Parker resided at the apartment for over two years.

 23. Soon after Parker moved out of the apartment, JNL Properties completed a form entitled "SECURITY DEPOSIT DISPOSITION".[3]

 24. The SECURITY DEPOSIT DISPOSITION contained these charges to Parker:

| | |
|---|---|
| Makeready Charges – Cleaning  <br> Cleaning of Entire Apartment | $ 80.00 |
| Makeready Chargers – Other  <br> Replacement of carpet, dog tore up carpet and urine on pad | $ 608.09 |
| Makreready Charges – Other  <br> Oven rings | $ 20.00 |
| Makeready Chrages – Other  <br> 4 shades | $ 20.00 |
| Liquidated Damages  <br> One months rent | $ 605.00 |
| Legal Fees & Costs  <br> 40% collection fee | <u>$ 421.24</u> |
| Total Deductions | $1,774.33 |

 25. Less the $300 security deposit, the SECURITY DEPOSIT DISPOSITION sheet showed $1,474.33 owed by Parker to JNL Properties.

 26. The Lease contains no provision allowing a 40% collection fee.

 27. JNL Properties did not actually incur or pay the $421.24 collection fee to any person.

---

[2] Exhibit 1, p. 2.

[3] See attached Exhibit 2.

28. JNL Properties assigned the account to Mid-South for collection through litigation.

29. Mid-South purchased an Accurint report on Tracy Parker.

30. Accurint is a skip-trace product used by debt collectors to locate consumers.

31. Accurint, however, disclaims the accuracy of the information provided in its skip-trace reports when the information is used to communicate with third-parties.

32. On October 12, 2018, Mid-South sued Parker in the District Court of Garland County, Arkansas, to collect the debt.

33. The debt collection complaint listed a total unpaid debt of $1,474.33 - a balance that included the unauthorized 40% collection fee.[4]

34. The debt collection complaint also requested an attorney fee of $486.53, a filing fee of $80.00, and a service fee of $50.00.

35. The total Mid-South sought to collect from Parker was $2,090.86.

36. The debt collection complaint and summons listed 103 Omega Street, El Dorado, AR 71730 as Parker's address.

37. Upon information and belief, the 103 Omega Street address was the address provided for Parker in the Accurint report purchased by Mid-South.

38. The 103 Omega Street address is not, however, where Parker resided.

39. The 103 Omega Street address is where Parker's sister resides.

40. Accurint, under the Terms and Conditions of its use by Mid-South, disclaimed any accuracy that the 103 Omega Street address was Parker's

---

[4] See Exhibit 3.

residence, when Mid-South chose to use the information in the Accurint to communicate with a third-party (including Parker).

41. Mid-South instructed a process server to serve the complaint and summons at the 103 Omega Street address.

42. The process server served Parker's sister with the debt-collection complaint and summons on October 19, 2018.[5]

42. Parker's debt was disclosed to his sister because of Mid-South's conduct.

43. Parker's sister told him about the debt collection lawsuit.

44. Parker called Mid-South and disputed the debt Mid-South had sued him for.

45. Parker retained counsel to defend the debt collection lawsuit.

46. Parker paid and incurred attorney fees to defend the debt collection lawsuit.

47. On August 19, 2019, the District Court of Garland County, Arkansas, dismissed the lawsuit for improper service of process.

*Standing*

48. Parker has standing under Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Mid-South described, and his injury in fact is likely to be redressed by a favorable judicial decision in this Court.

---

[5] See Exhibit 4.

49. Parker's injury in fact is both particular and concrete because he has suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

50. Parker has standing because he has suffered actual damages by incurring and paying attorney fees to defend against Mid-South's debt collection efforts that invaded his privacy by disclosing his debt to his sister and attempted to collect a 40% collection fee he did not owe.

**Causes of Action**

*Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

51. Parker incorporates by reference the above paragraphs, as though stated herein.

52. Defendants engaged in unfair and false acts and practices, in violations of the FDCPA, 15 U.S.C. §§ 1692c(b), 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1).

53. Section 1692c(b) provides:

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

54. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…

(2) The false representation of-

>> (A) the character, amount, or legal status of any debt…[or]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about a consumer…

55. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

56. Because of Mid-South's violations of the FDCPA, Parker may have actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and a reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

### *Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

57. Parker incorporates by reference the above paragraphs, as though stated herein.

52. Defendants engaged in unfair and false acts and practices, in violations of the FDCPA, 15 U.S.C. §§ 17-24-504, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1).

53. Section 17-24-504(b) provides:

> Except as provided in § 17-24-503, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate in connection with the collection of a debt, with a person other than the consumer, his or her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

54. Section 17-24-506 provides:

(a) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

(b) Without limiting the general application of the foregoing, the following conduct is a violation of this section…

> (2) The false representation of-
>
> > (A) the character, amount, or legal status of any debt…[or]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information about a consumer…

55. Section 17-24-507 provides:

(a) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(b) Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of an amount, including interest, a fee, charge, or an expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

56. Because of Mid-South's violations of the AFDCPA, Parker may have actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and a reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(3)(A).

## Jury Demand

57. Parker demands a trial by jury.[6]

---

[6] U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

## Prayer for Relief

58. Plaintiff Tracy Parker prays that judgment be entered against Mid-South:

   a. for actual damages under 15 U.S.C. § 1692k(a)(1), and Ark. Code Ann. § 17-24-512(a)(1), against Mid-South and for Parker;

   b. for statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), against Mid-South and for Parker;

   c. for statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), against Mid-South and for Parker;

   d. for reasonable attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) and Ark. Code Ann. § 17-24-512(a)(3)(A), against Mid-South and for Parker; and

   e. for such other and further relief as may be just and proper.

> By: /s/ Corey D. McGaha
> Corey D. McGaha
> Ark. Bar No. 2003047
> William T. Crowder
> Ark. Bar No. 2003138
> CROWDER MCGAHA, LLP
> 5507 Ranch Drive, Suite 202
> Little Rock, AR 72223
> Phone: (501) 205-4026
> Fax: (501) 367-8208
> cmcgaha@crowdermcgaha.com
> wcrowder@crowdermcgaha.com